## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RODOLFO RODRIGUEZ,

        Petitioner,

vs.                            No. CV 21-00055 WJ/JFR

UNITED STATES,

        Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Motion for Injunction Relief filed by Petitioner Rodolfo Rodriguez on January 21, 2021 (Doc. 1), which the Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"). The Court will dismiss the Petition without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute.

Petitioner, Rodolfo Rodriguez, filed this proceeding complaining about the calculation of his sentence. (Doc. 1 at 1). The Petition alleges that the Bureau of Prisons deprived Petitioner of good time without due process. (Doc. 1 at 1-3). The Court construes the filing as a Petition under 28 U.S.C. § 22411. *See Rumsfeld v. Padilla,* 452 U.S. 426, 442-43 (2004). The filing was not in proper form for a Petition under 28 U.S.C. § 2241. Petitioner also did not pay the filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915.

On January 26, 2021, the Court ordered Petitioner to cure these deficiencies within 30 days by filing a Petition in proper form and either paying the filing fee or submitting an application to proceed *in forma pauperis.* (Doc. 2). The Order advised Petitioner that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further

notice. (Doc. 2 at 2). The Court also sent Petitioner the forms for submitting a § 2241 Petition and an application under § 1915. (Doc. 2 at 2). More than 30 days elapsed after entry of the Court's Order to Cure Deficiencies and Petitioner did not submit a Petition in proper form, pay the filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's January 26, 2021 Order.

The Court entered an Order to Show Cause on March 18, 2021. (Doc. 3). The Order directed Petitioner to show cause why this case should not be dismissed for failure to comply with the Court's January 26, 2021 Order. (Doc. 3 at 1). The Order also advised Petitioner that, if he did not respond to the Order or show cause within 30 days, the Court could dismiss the Petition without further notice. (Doc. 3 at 2). More than 30 days has elapsed since entry of the Court's March 18, 2021 Order to Show Cause and Petitioner has not responded to the Order, shown cause, or otherwise communicated with the Court.

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from the Petitioner or authorize Petitioner to proceed without prepayment of the fee. Petitioner has failed to either pay the $5.00 filing fee or submit an application to proceed under § 1915. Petitioner was directed to comply with the statutory requirements or show cause why he should not be required to do so. (Doc. 3). Petitioner failed to comply with or respond to the Court's Orders.

The copy of the Court's March 18, 2021 Order has been returned to the Court as undeliverable. (Doc. 4). D.N.M. LR-Civ. 83.6 requires parties to keep the Court advised as to their current address and to maintain contact with the Court. Petitioner has failed to comply with D.N.M. LR-Civ. 83.6 and has failed to prosecute this proceeding by not keeping the Court advised of his current address. Pro se litigants are also required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir.

1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Petitioner Rodriguez has not kept the Court apprised of his proper mailing address and has not communicated or maintained any contact with the Court since filing the Petition on January 21, 2021.

Petitioner Rodriguez has failed to comply with the Court's Orders, failed to comply with statutory provisions, including 28 U.S.C. § 1915, failed to comply with the local rules, and failed to prosecute this action. The Court may dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure or local rules, to comply with statutes, and to comply with court orders. *Olsen v. Mapes*, 333 F.3d at 1204, n. 3. The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with statutes, rules, and Court Orders and failure to prosecute this proceeding.

**IT IS ORDERED** that the Motion for Injunction Relief filed by Petitioner Rodolfo Rodriguez (Doc. 1), which the Court construes as a § 2241 Petition, is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with rules, statutes, and the Court's Orders, and failure to prosecute.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE